Thomas McMillan v. The Philadelphia Company, Appellant.

*Eminent domain—Pipe lines—Damages—Evidence.*

Where a pipe line has been laid on plaintiff's land connecting with another pipe line, controlled by defendant company, in a proceeding to assess damages for laying of the new line, it was not error for the court to admit evidence of the inconvenience occasioned by the erection of box valves at the intersection of the two lines, said offer being made as bearing on an element of damages in the erection of the new line, although such valves were located upon the right of way of the old line.

Argued April 21, 1896. Appeal, No. 74, Nov. T., 1896, by defendant, from judgment of C. P. Washington Co., Nov. T., 1894, No. 108, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Appeal from award of viewers. Before TAYLOR, J.

Verdict for plaintiff for $250.

This was a proceeding instituted under the act of May 29, 1885, P. L. 29, regulating the method of construction of pipe lines and the manner of exercising the right of eminent domain by gas companies.

The plaintiff is the owner of a tract of land situate in Mt. Pleasant township, Washington county, containing about ninety-six acres. The defendant is a corporation chartered under the laws of this commonwealth, and engaged in the transporting and selling of natural gas. In the fall of 1894 the defendant constructed a pipe line through the plaintiff's premises for the purpose of conveying gas to market, part of the line being twelve inches and part of it eight inches in diameter. The entire length of the line is eighty-nine rods, of which sixty-one rods is twelve inch pipe and the remaining twenty-eight rods is eight inch pipe.

About seven years prior to the construction of this line, the Chartiers Valley Gas Company had secured from the plaintiff a right of way through his premises and had constructed thereon an eight inch pipe line for the conveyance of natural gas. The rights of the Chartiers Valley Gas Company having become

vested in the Philadelphia Company, including the right to the use of this old line, the new line was connected therewith. The lines cross each other at right angles, and in order to make such connection, a " Y " was made, and at the two points of connection with the old line, valves or gates were placed for the purpose of turning the gas from one line to the other, as might be deemed necessary. In order to manipulate these valves, they were protected by boxes made of heavy planking about three feet square, and standing twelve to eighteen inches above the surface. Two of these boxes were constructed directly over the old pipe line and necessarily within the right of way acquired by the Chartiers Valley Gas Company.

Failing to agree as to the amount of damages sustained, the plaintiff proceeded under the act of assembly to have his damages assessed by view, and not being satisfied with the amount awarded him took an appeal, and the case was tried by the court and jury, resulting in a verdict in his favor for $250.

[On the trial of the case, testimony offered by the plaintiff, showing as an element of his claim that the two boxes constructed over the old pipe line seriously affected the market value of his property, was objected to by the defendant and admitted by the court, under exception. The admission of this testimony forms the basis of the errors assigned.] [1, 2]

*Errors assigned* were (1, 2) admissions of evidence, reciting same, on the point defined in the statement of facts.

*A. M. Todd, J. A. Wiley* with him, for appellant.—" The exercise of the right of eminent domain, whether directly by the state or its authorized grantee, is necessarily in derogation of its private right, and the rule in that case is that the authority is to be strictly construed: Mayor of Allegheny v. R. R., 26 Pa. 355; Packer v. R. R., 19 Pa. 211. What is not granted is not to be exercised: " Lance's Appeal, 55 Pa. 16.

*J. M. Patterson, J. L. Judson* with him, for appellee.

OPINION BY BEAVER, J., May 11, 1896 :

The appellant company, in the exercise of the right of eminent domain conferred upon it by the act of May 29, 1885

(P. L. 29), constructed a pipe line across the farm of the appellee. In doing so, it crossed at right angles and connected with a pipe line laid several years previously by the Chartiers Valley Gas Co., whose rights it had acquired. At the crossing of the two lines gates or valves were constructed for turning the gas from the one line into the other, and, in order to enable them to operate these valves conveniently, boxes of heavy planking extending above the surface of the ground were inserted. The complaint of the appellant in its two assignments of error is that witnesses were allowed to consider the inconvenience occasioned by these boxes, erected upon the right of way of the old line, as constituting an element of damage in the erection of the new line. The manner in which the pipes of natural gas companies are to be buried on farm lands is distinctly provided for in the act of May 29, 1885, supra. The original line of pipe, in itself considered and for the uses and purposes for which it was originally laid, would not require the gates or valves rendered necessary or convenient by the construction of the second line, and they could not, therefore, have been considered as an element of damage by the viewers who made the estimate of damages sustained by the construction of the former by the Chartiers Valley Gas Company. The construction and maintenance of these boxes with their elevation above the ground being occasioned by the laying of the second line, and the convenient use of the same in connection with the original line laid by the Chartiers Valley Gas Company, were legitimately considered in fixing the amount of damages sustained by the construction of the new line, and the evidence was, therefore, competent and relevant and was properly admitted. It can hardly be said that an analogy exists between the right of way of a railroad company and that of a natural gas company. The former is almost necessarily exclusive. The latter, from the very terms of the right granted by the act of assembly, is not so, and is not intended to interfere with the ordinary use of farm land by the owner thereof. The evidence tended to show such an interference, not by reason of the laying of the first line, but by the erection of the boxes made necessary as is admitted by the erection of the second line. We see no error in the admission of the testimony complained of and the judgment is therefore affirmed.